IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 6 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, ex rel.
DONALD STEVEN McLENDON,

        Plaintiff,

v.

COLUMBIA HEALTHCARE CORP., et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 99-3295 (RCL)
(Part of 99-MS-122 (RCL))
of  50

## ORDER

On February 14, 2001, Relator Donald Steven McLendon, the United States and HCA –

The Healthcare Company (HCA) filed a stipulation to dismiss all claims against HCA in Relator

McLendon's complaint pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and 31

U.S.C. § 3730(b)(1). Upon due consideration of the stipulation and the papers on file in this

action,

        IT IS HEREBY ORDERED that,

        1. The complaint is DISMISSED against HCA, consistent with the terms of the

December 14, 2000 Civil and Administrative Settlement Agreement executed by the United

States and HCA.

        2. The dismissal against HCA shall be with prejudice as to Relator McLendon.

        3. The dismissal against HCA shall be with prejudice as to the United States for

allegations relating to Medicare regarding home health community education and home health

management fees issues as defined in paragraphs D(3) and (5) in the Civil and Administrative

Settlement Agreement.

8/20

3.  The dismissal against HCA shall be without prejudice as to the United States 1) for all allegations relating to the Federal Employees' Health Benefits Program and, 2) for allegations relating to Medicaid and TRICARE regarding home health community education and home health management fees as defined in paragraphs D(3) and (5) of the Civil and Administrative Settlement Agreement.

4.  The Court shall retain jurisdiction to decide issues, including jurisdictional issues, if any, concerning relator share and attorneys' fees and costs.

5.  Dismissal of relator's complaint shall be without prejudice to any party's right to seek dismissal, on jurisdictional or any other grounds, of relator's claim to a share of any settlement, or to recover costs and attorneys' fees.  The United States and HCA shall have the right to seek dismissal of all such collateral claims and the right to assert that there are no "proceeds" of this *qui tam* action as defined by the False Claims Act, 31 U.S.C. § 3730(d)(1).

Done this __16th__ day of __February__, 2001.

_Royce C. Lamberth_
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

Copies to:

TY M. BRIDGES
MARLAN B. WILBANKS
Harmon, Smith, Bridges & Wilbanks
1795 Peachtree Road, N.E.
Suite 350
Atlanta, GA 30309-2339

JAMES M. THOMAS
Kent, Thomas, Worsham & Smart
42 East Bay Street
P.O. Box 9117
Savannah, GA 31412

ROGER S. GOLDMAN
Latham & Watkins
1001 Pennsylvania Avenue, N.W.
Suite 1300
Washington, D.C. 20004

MICHAEL F. HERTZ
JOYCE R. BRANDA
JONATHAN L. DIESENHAUS
JAMIE A. YAVELBERG
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC  20044

MARK E. NAGLE
DORIS D. COLES-HUFF
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C.  20001